DAUKSCH, Judge.
This is an appeal from an order denying appellant’s motion to tax costs. Appellant timely offered to settle the case for an amount which exceeded the amount ultimately obtained by the appellee. The rule, Rule 1.442, Florida Rule of Civil Procedure,[1] specifically says “If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer.”
For some reason unexplained by the trial judge and unsupported by any substantial legal argument of appellee, the trial judge denied the proper motion of appellant. Ap-pellee asserts that the trial judge has discretion not to award taxable costs. That is not so. There is some discretion to decide what costs are taxable but the trial judge must adhere to the rules of civil procedure and order payment of all reasonable and necessary costs incurred after the making of the offer of judgment.
The order denying the award is quashed and this cause remanded for entry of a proper order and judgment.
ORDER QUASHED, REMANDED.
SHARP, C.J., and COWART, J., concur.

. Fla.R.Civ.P. 1.442:
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer before trial if it is served within a reasonable time, not less than ten days, before beginning of the hearing or trial to determine the amount or extent of liability. This rule shall not apply to actions or matters related to dissolution of marriage, alimony, nonsupport or child custody-